RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 12/21/09
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JESSIE J. SCOTT III (DOC. #385895) | DOCKET NO: 09-CV-1087; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| NATCHITOCHES PARISH DETENTION CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Jessie J. Scott III, filed on June 26, 2009. Plaintiff's motion to proceed *in forma pauperis* was granted on July 2, 2009. Plaintiff is no longer in custody; however, at the time of filing suit, he was incarcerated at the Natchitoches Parish Detention Center (NPDC) in Natchitoches, Louisiana. Plaintiff names as defendants the NPDC, L. Jackson, Captain Turner, and Warden Dove. Plaintiff complains of the loss of personal property, and he seeks an undetermined amount of compensatory damages.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

## STATEMENT OF THE CASE

Plaintiff alleges that he arrived at NPDC on March 22, 2009 from the Caddo Correctional Center in Shreveport, La. Upon arrival, Plaintiff was informed that he needed to send his personal

property to a residential address or the property would be destroyed. Thereafter, Plaintiff mailed the property, consisting of a state issued identification card, a sterling silver necklace, and a solid white gold bullet charm, to an address in North Carolina. He mailed the items in a standard white envelope. When the envelope arrived at its destination, the bullet charm was missing from the envelope, which had been torn and then folded over. Plaintiff claims that the bullet was a family heirloom passed down from his late grandfather, and he seeks the replacement value plus damages for emotional injury.

<u>LAW AND ANALYSIS</u>

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for a random deprivation of personal property is *not* cognizable under §1983.

In <u>Parratt v. Taylor</u>, 451 U.S. 527, 544 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. <u>Id.</u>, 451 U.S. at 536-37.

2

The Due Process Clause does not embrace tort law concepts. Id. Although a prisoner may be afforded a remedy under state law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. See Daniels v. Williams, 474 U.S. 327, 325 (1986).

Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517 (1984); Davis v. Bayless, 70 F.3d 367 (5th Cir. 1995); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994).

In this case, Plaintiff's allegations demonstrate that a random and unauthorized deprivation occurred when Plaintiff's charm was lost from the envelope. If adequate state law remedies are available, no further due process is required under the Constitution. Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), cert. denied, 505 U.S. 1205 (1992).

It should be noted that Plaintiff does not allege that any of the defendants actually took the property. Nevertheless, even if

3

Plaintiff's claim had been premised on intentional conduct, it still would be barred by <u>Hudson</u>, in that Louisiana law clearly provides him with an adequate post-deprivation remedy for lost property, i.e. a tort suit brought in state court. <u>Samuels v. Hay</u>, 128 Fed. App'x 395, 396 (5th Cir. 2005).

Accordingly,

IT IS RECOMMENDED that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. <u>See Douglas v. United Services Automobile Association</u>, 79 F.3d 1415**

4

(5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 21st day of _December_, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE